# EXHIBIT A

***EFILED***
Case Number 2020L 001731
Date: 12/8/2020 4:18 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| **WHITNEY MERRIFIELD,** )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>**FRITO LAY, INC.,** )<br>)<br>   Defendant. ) | Case No. 2020-L-_____ <br> 2020L 001731 |

## COMPLAINT

COMES NOW Plaintiff, Whitney Merrifield ("Plaintiff"), by and through her undersigned attorneys, and for her Complaint against Defendant, Frito Lay, Inc. ("Defendant"), states as follows:

### NATURE OF CLAIM

1. Claims I-III arise under the Illinois Human Rights Act, 775 ILCS 5 *et seq*. (Hereinafter "IHRA").

2. Count IV is brought pursuant to Illinois common law.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to §7A-102(D) under the IHRA.

4. Venue is proper in the Circuit Court of Madison County as the claim for relief arose in Madison County, Illinois.

5. All conditions precedent have been fulfilled by Plaintiff, including the filing of charges of harassment, discrimination, and retaliation with the Illinois Department of Human Rights ("IDHR").

6. Plaintiff has received the requisite IDHR order entitling her to bring this action in the Circuit Court of Madison County. (**Exhibit A**, Charge No. 2021SF0266).

## PARTIES

7. At all relevant times, Plaintiff has been a resident of the State of Illinois.

8. At all relevant times, Defendant Frito Lay, Inc., is an Illinois Corporation, authorized to do business in the State of Illinois, that operates a company doing business as a food manufacturer and distributor, with a principal place of business located at 3473 Petrof Plaza in Granite City, Illinois.

9. At all relevant times, Defendant was an "employer" within the meaning of § 2-101(B) of the IHRA, and as such was subject to the provisions of the Act.

## GENERAL ALLEGATIONS
## COMMON TO ALL COUNTS

10. Plaintiff, a black woman, commenced employment with Defendant in approximately November of 2017.

11. Throughout her employment with Defendant, Plaintiff was a conscientious employee who performed her assigned tasks in an acceptable manner consistent with Defendant's standards and regulations.

12. From approximately December of 2019 and continuing through March of 2020, Plaintiff was subject to unwelcome sexual conduct from Miguel Meldonalo ("Meldonalo"), Plaintiff's direct supervisor at Defendant's facility, having supervisory and managerial authority over Plaintiff.

13. Meldonalo referred to Plaintiff on numerous occasions as "Honey" or "Baby", and at one-point Plaintiff bent over to pick something up, Meldonalo's hand touched Plaintiff's buttock.

14. Plaintiff reported Meldonalo's conduct to Paul Winterfeld ("Winterfeld"), a supervisor, but her complaint was futile in remedying the sexual harassment.

15. On numerous occasions Plaintiff experienced and reported supervisors referring to her using racial insults. However, Defendant failed to take any corrective measures.

16. This offensive conduct created a hostile work environment for Plaintiff and interfered with her ability to successfully perform her job duties, especially given that Meldonalo was her direct supervisor.

17. On April 7, 2020, Meldonalo terminated Plaintiff's employment with Defendant.

## COUNT I
## SEXUAL HARASSMENT
## VIOLATION OF IHRA § 775 ILCS 5/2-102

18. Plaintiff incorporates and re-alleges all preceding paragraphs by reference.

19. Plaintiff was subject to continuous and ongoing sexual harassment during her employment at Frio Lay, Inc., which resulted from the behavior and conduct of Meldonalo, Plaintiff's direct supervisor.

20. Plaintiff found the harassment to the extremely offensive.

21. Said sexually offensive conduct created an objectively hostile and intimidating work environment for Plaintiff and interfered with her ability to successfully carry out the duties of her job.

22. Meldonalo's treatment of Plaintiff was motivated by evil motive and intent, and was recklessly and callously indifferent to Plaintiff's protect rights.

23. The sexual harassment that Plaintiff was subjected to at the hands of Meldonalo while Plaintiff was employed by Defendant was persistent in nature, unwelcome, offensive, humiliating, and effective in creating a hostile and intimidating work environment for Plaintiff.

24. Defendant condoned the sexual harassment of Plaintiff and failed to maintain a harassment-free work environment by failing to employ and effective anti-sexual harassment policy with respect to Defendant's employees and officers.

25. Said continuous and persistent sexual harassment adversely affected the terms and conditions of Plaintiff's employment with Defendant.

26. Said continuous and persistent sexual harassment was in violation of the IHRA. *See* IHRA (775 ILCS 5/2-102).

27. That as a direct and proximate result of said unlawful employment practices, Plaintiff has suffered indignity of discrimination, the invasion of her right to be free from discrimination, and great humiliation which is manifest in physical illness and emotional stress on the relationships between Plaintiff and her friends, family, and colleagues.

28. That as a further direct and proximate result of said unlawful employment practices Plaintiff has suffered depression, extreme mental anguish, outrage, severe anxiety, shame and embarrassment among her friends, colleagues, and co-workers, damage to her reputation, disruption in her personal life, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiff, prays for judgment against Defendant in an amount in excess of $50,000.00 (Fifty Thousand Dollars), costs expended herein, and any other relief this Court deems just and proper.

**COUNT II**
**RACE DISCRIMINATION**
**VIOLATION OF IHRA § 775 ILCS 5/2-102**

29. Plaintiff incorporates and re-alleges all preceding paragraphs by reference.

30. Plaintiff was discriminated against by Defendant and subject to unequal terms and conditions of employment with Defendant based on her race.

31. During Plaintiff's employment with Defendant, her job performance met Defendant's legitimate expectations.

32. At all relevant times during Plaintiff's employment with Defendant, Plaintiff was supervised by Meldonalo and Winterfeld.

33. Defendant discriminated against Plaintiff due to Plaintiff's race, in discharging Plaintiff after she reported the racial insults and sexual harassment.

34. Defendant's treatment of Plaintiff was motivated by evil motive and intent, and was recklessly and callously indifferent to Plaintiff's protected rights.

35. The conduct of Defendant in terminating Plaintiff's employment in response to her reports to management, amounts to race discrimination in violation of the IHRA. *See* IHRA (775 ILCS 5/2-102).

36. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights, Plaintiff has lost and will continue to lose income and other benefits inherent in the employment relationship.

37. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered depression, extreme mental anguish, outrage, severe anxiety, shame and embarrassment among her friends, colleagues, and co-workers, damage to her reputation, disruption in her personal life, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiff, prays for judgment against Defendant in an amount in excess of $50,000.00 (Fifty Thousand Dollars), costs expended herein, and any other relief this Court deems just and proper.

**COUNT III**
**RETALIATION**
**VIOLATION OF IHRA § 775 ILCS 5/6-101**

38. Plaintiff incorporates and re-alleges all preceding paragraphs by reference.

39. During Plaintiff's employment with Defendant, Plaintiff's job performance met Defendant's legitimate expectations.

40. Throughout her employment with Defendant, Plaintiff was a conscientious employee who performed assigned tasks in an acceptable manner consistent with Defendant's standards and regulations.

41. Beginning in approximately December of 2019 and continuing through March of 2020, Plaintiff was subject to unwelcome sexual conduct by Meldonalo, Plaintiff's direct supervisor.

42. Plaintiff opposed Meldonalo's harassing and offensive behavior by ignoring the sexual conduct, refraining from engaging in similar behavior, and repeatedly displaying her disapproval and concern by reporting it to another supervisor, Winterfeld.

43. After Plaintiff repeatedly ignored Meldonalo's attempts to engage her in crude, suggestive, and sexually explicit discussion, she was terminated from her employment with Defendant.

44. The termination of Plaintiff constituted retaliation for Plaintiff's opposition to the harassing and discriminatory behavior to which she was continuously subjected at work.

45. An inference of retaliatory motive is raised due to the fact that Plaintiffs' opposition to sexual harassment and race discrimination and Defendant's retaliatory actions took place in such a short period of time.

46. The conduct of Defendant in terminating Plaintiff's employment amounts to retaliation in violation of the IHRA. *See* IHRA (775 ILCS 5/6-101).

47. Defendant's treatment of Plaintiff was motivated by evil motive and intent, and was recklessly and callously indifferent to Plaintiff's legally protected rights.

48. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights, Plaintiff has lost and will continue to lose income and other benefits inherent in the employment relationship.

49. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered depression, extreme mental anguish, outrage, severe anxiety, shame and embarrassment among her friends, colleagues, and co-workers, damage to her reputation, disruption in her personal life, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiff, prays for judgment against Defendant in an amount in excess of $50,000.00 (Fifty Thousand Dollars), costs expended herein, and any other relief this Court deems just and proper.

## COUNT IV
## VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR

50. Plaintiff incorporates and re-alleges all preceding paragraphs by reference.

51. That at all times hereinafter mentioned the deeds, acts, omissions and knowledge attributed to the Defendant were performed, omitted, and/or known by Defendant by and through its agents, servants, and employees acting within the course and scope of their respective employment with Defendant.

52. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights, Plaintiff has lost and will continue to lose income and other benefits inherent in the employment relationship.

53. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered depression, extreme mental anguish, outrage, severe anxiety, shame and embarrassment among her friends, colleagues, and co-workers, damage to her reputation, disruption in her personal life, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiff, prays for judgment against Defendant in an amount in excess of $50,000.00 (Fifty Thousand Dollars), costs expended herein, and any other relief this Court deems just and proper.

Respectfully Submitted,

**WENDLER & ZINZILIETA, P.C.**

By:   /s/  Angie M. Zinzilieta
      Brian M. Wendler, #6196124
      Angie M. Zinzilieta, #6322894
      900 Hillsboro Ave., Suite 10
      Edwardsville, IL 62025
      Ph: (618) 692-0011
      Fax: (618) 692-0022
      wendlerlawpc@gmail.com
      *Attorneys for Plaintiff*

***EFILED***
Case Number 2020L 001731
Date: 12/8/2020 4:18 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) ss | |
| COUNTY OF COOK | ) | CHARGE NO. 2021SF0266 |

## AFFIDAVIT OF SERVICE         2020L 001731

Benetta Davies, deposes and states that s/he served a copy of the attached <u>NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND ORDER OF ADMINISTRATIVE CLOSURE</u> on each person named below by depositing the same on November 17, 2020, in the U.S. Mail Box at 100 West Randolph Street, Chicago, Illinois, properly posted for FIRST CLASS MAIL, addresses as follows:

<u>For Complainant</u>

Dennis L. Frech
Wendler & Zinzilieta, PC
900 Hillsboro Avenue
Suite 10
Edwardsville, IL 62025

<u>For Respondent</u>

Chief Executive Officer
Frito Lay, Inc.
3473 Petrof Plaza
Granite City, IL 62040

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

/s/ Benetta Davies

**PLEASE NOTE:**

The above-signed person is responsible only for <u>mailing</u> these documents. Illinois Department of Human Rights' staff are not permitted to discuss the investigation findings once a Notice of Dismissal or Order of Closure has been issued.

PLAINTIFF'S EXHIBIT A

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:

WHITNEY MERRIFIELD,

          COMPLAINANT,     ) CHARGE NO.   2021SF0266
AND                                              EEOC NO.     21BA01790

FRITO LAY, INC.,

          RESPONDENT.

## NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND ORDER OF ADMINISTRATIVE CLOSURE

For Complainant

Dennis L. Frech
Wendler & Zinzilieta, PC
900 Hillsboro Avenue
Suite 10
Edwardsville, IL 62025

For Respondent

Chief Executive Officer
Frito Lay, Inc.
3473 Petrof Plaza
Granite City, IL 62040

**Date Perfected Charge Filed:** Sep 10, 2020      **Date Opt Out Request Filed:** Oct 15, 2020

YOU ARE HEREBY NOTIFIED that pursuant to Section 7A-102(C-1) of the Illinois Human Rights Act (775 ILCS 5/7A-102(C-1)), Complainant having filed a written request to opt out of the Illinois Department of Human Rights' investigation and administrative processing of the above-captioned charge, the IDHR issues this Notice of Opt Out of the Investigative and Administrative Process, and the Right of Complainant to Commence an Action in the Circuit Court or other appropriate court of competent jurisdiction within 95 days from the date of this Notice and Order, as identified above.

- Complaint filed and serve a copy of the complaint to the Department and Respondent on the same date that the complaint is filed with the circuit court or other appropriate court of competent jurisdiction.
- Complainant may not file or refile a substantially similar charge with the Department arising from the same incident of unlawful discrimination or harassment.

NOW, THEREFORE, it is further hereby ORDERED that the Department cease the investigation and administratively close the charge of civil rights violation(s).

ENTERED ON November 17, 2020

DEPARTMENT OF HUMAN RIGHTS

BY: *[signature]*
Brent A. Harzman, Manager
Charge Processing Division

Notice of Opt Out, Right & Order Adm.
Closure D/P 01/01/2020
Rev. 03/06/2020

***EFILED***
Case Number 2020L 001731
Date: 12/8/2020 4:18 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| **WHITNEY MERRIFIELD,** ) | |
| ) | 2020L 001731 |
| **Plaintiff,** ) | |
| ) | Case No. 2020-L-_____ |
| vs. ) | |
| ) | |
| **FRITO LAY, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

### ENTRY OF APPEARANCE

NOW COMES Angie M. Zinzilieta and Brian M. Wendler, of Wendler & Zinzilieta, P.C., and hereby enter their appearance on behalf of Plaintiff.

Respectfully Submitted,

**WENDLER & ZINZILIETA, P.C.**

By: ___/s/   Angie M. Zinzilieta_____
Brian M. Wendler, #6196124
Angie M. Zinzilieta, #6322894
900 Hillsboro Ave., Suite 10
Edwardsville, IL 62025
Ph: (618) 692-0011
Fax: (618) 692-0022
wendlerlawpc@gmail.com
*Attorneys for Plaintiff*

***EFILED***
Case Number 2020L 001731
Date: 12/8/2020 4:18 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

## IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | |
|---|---|
| **WHITNEY MERRIFIELD,** | ) |
| | ) |
| **Plaintiff,** | )   **2020L 001731** |
| | )   Case No. 2020-L-_____ |
| vs. | ) |
| | ) |
| **FRITO LAY, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## CERTIFICATION OF CASE VALUE

I, Angie M. Zinzilieta, do hereby certify pursuant to the Supreme Court Rules that in my estimation based upon a review of the facts available the value of this action is greater than $50,000.

Respectfully Submitted,

**WENDLER & ZINZILIETA, P.C.**

By:   /s/   Angie M. Zinzilieta
Brian M. Wendler, #6196124
Angie M. Zinzilieta, #6322894
900 Hillsboro Ave., Suite 10
Edwardsville, IL 62025
Ph: (618) 692-0011
Fax: (618) 692-0022
wendlerlawpc@gmail.com
*Attorneys for Plaintiff*

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| **WHITNEY MERRIFIELD,** | ) |
| | ) |
|     **Plaintiff,** | )           2020L 001731 |
| | )   Case No. 2020-L-_____ |
| **vs.** | ) |
| | ) |
| **FRITO LAY, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

**SUMMONS**

To the defendant: **FRITO-LAY, INC.**, c/o C T Corporation System, 208 SO LaSalle Street, Suite 814, Chicago, Illinois 60601.

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court <u>MADISON COUNTY, EDWARDSVILLE</u>, Illinois, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

    This summons must be returned by the officer or other persons to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

12/9/2020

WITNESS _____, 20____.
      /s/ Thomas McRae   **Clerk of the Circuit Court**

/s/ Donald Yarborough   Clerk of Court

Associate Circuit Clerk-Deputy

Name: Angie Zarzuieta
Attorney for Whitney Merrifield
Address: 900 Hillsboro Ave., Suite 10
City: Edwardsville
Telephone: 618-692-0011

Date of Service: _____, 20____.
(To be inserted by officer on copy left with defendant or other person)

**SHERIFF'S FEES**

Service and return . . . . . . . . . . . . . . . . . . . . . . $ _____
Miles _____
Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
Sheriff of _____ County

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal):
By leaving a copy of the complaint with each individual defendant personally, as follows:

| **Name of Defendant** | **Date of Service** |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

(b) - (Individual Defendants- abode):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of the family, or a person residing there, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his or her usual place of abode, as follows:

| Name of Defendant | Person W/ Whom Left | Date of Service | Date of Mailing |
|---|---|---|---|
| \_\_\_\_\_ | \_\_\_\_\_ | \_\_\_\_\_ | \_\_\_\_\_ |
| \_\_\_\_\_ | \_\_\_\_\_ | \_\_\_\_\_ | \_\_\_\_\_ |
| \_\_\_\_\_ | \_\_\_\_\_ | \_\_\_\_\_ | \_\_\_\_\_ |

(c) - (Individual Defendants- Personal):
By leaving a copy and a copy of the complaint with the registered agent, officer or agent, officer or agent of each defendant corporation, as follows:

| Defendant Corporation | Registered Agent, Officer or Agent | Date of Service |
|---|---|---|
| \_\_\_\_\_ | \_\_\_\_\_ | \_\_\_\_\_ |
| \_\_\_\_\_ | \_\_\_\_\_ | \_\_\_\_\_ |
| \_\_\_\_\_ | \_\_\_\_\_ | \_\_\_\_\_ |

(d) - (Other Service):

_____ , Sheriff of _____ County

By _____ , Deputy

December 9, 2020

IN THE CIRCUIT COURT
FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

CASE NUMBER: 2020 L 001731

WHITNEY MERRIFIELD

           Plaintiff(s)

VS.

FRITO LAY INC

           Defendant(s)

ASSIGNMENT ORDER

The above case is hereby assigned to the Honorable SARAH SMITH for setting and disposition.

Clerk to send copies of this Order to the attorneys of record and any pro se party.

DATE: December 09, 2020

s/Bill Mudge
Chief Judge

Case Number 2020L 001731
Date: 12/28/2020 11:58 AM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

*267866*

Law firm ref#:

# IN THE CIRCUIT COURT
# THIRD JUDICIAL CIRCUIT
# MADISON COUNTY, ILLINOIS

**WHITNEY MERRIFIELD,**
    Plaintiff(s),
vs.

**FRITO LAY, INC.,**
    Defendant(s).

Case No.: 2020 L 1731



## AFFIDAVIT OF SPECIAL PROCESS SERVER

<u>Michael Mitchell</u> , Being first duly sworn on oath, deposes and states the following:

I am over the age of 18 and not a party to this action. I am an employee of ATG LegalServe, Inc., Illinois Department of Financial and Professional Regulation number 117.001494.

INDIVIDUAL/ENTITY TO BE SERVED: **Frito-Lay Inc. c/o CT Corporation System**

I, Served the within named INDIVIDUAL/ENTITY on December 14, 2020 @ 9:46 AM

CORPORATE SERVICE: by leaving a copy of this process with **Derrick Hackett**. (Title): **Intake Specialist**, a person authorized to accept service. I informed that person of the contents thereof.

TYPE OF PROCESS: **Summons and Complaint with Exhibit A**

ADDRESS WHERE SERVED: **208 S. LaSalle St., Suite 814, Chicago, IL 60601**

The sex, race and approximate age of the individual with whom the copy of this process was left is as follows:

Sex: **Male** - Race: **Black** - Hair: **Black** - Approx. Age: **30-35** - Height: **5ft 07in** - Weight: **160 lbs**

The undersigned verifies that the statements set forth in this Affidavit of Service are true and correct.

State of _Illinois_

County of _Cook_

_____
Michael Mitchell , Process Server
Dated 12/24/2020

This instrument was subscribed and sworn to before me on 12-24-2020 (date)
By _Michael Mitchell_ (name/s of person/s)

Signature of Notary Public

OFFICIAL SEAL
STEVEN KRUEGER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/12/24

ATG LegalServe Inc
105 W. Adams Street, Suite 1350
Chicago, IL 60603
312-855-0303